UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ESTRELLA VARGAS,

     Plaintiff,

v.                       Case No.:  2:25-cv-272-SPC-KCD

WAL-MART STORES EAST, LP
and STORE MANAGER JOHN
DOE,

     Defendants.
_____/

## OPINION AND ORDER

    This matter comes before the Court after review of the docket.  Plaintiff Estrella Vargas brought this action in state court.  (Doc. 1-1).  Defendant Walmart removed.  (Doc. 1).  Because Defendant failed to properly show citizenship and the amount in controversy, the Court ordered it to supplement to avoid remand.  (Doc. 8).  Defendant has since provided a supplement.  (Doc. 11).  Because the amount in controversy remains in question, the Court remands.

    A defendant may remove a civil action from state court if the federal court has original jurisdiction.  *See* 28 U.S.C. § 1441(a).  "The existence of federal jurisdiction is tested at the time of removal."  *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008); 28 U.S.C. § 1447(c).  "A removing defendant bears the burden of proving proper federal jurisdiction."

*Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). And because federal courts have limited jurisdiction, they are "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Defendant invokes the Court's diversity jurisdiction. (Doc. 1 ¶ 12). A federal court has diversity jurisdiction over a civil action where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Defendant has twice failed to show the amount in controversy exceeds $75,000.

Because the complaint alleges only the state-court jurisdictional amount, Defendant relies on Plaintiff's answers to requests for admissions to show the amount in controversy exceeds $75,000. But the Court already told Defendant that these admissions do not prove the amount in controversy exceeds $75,000. (Doc. 8 at 3). Afterall, "diversity jurisdiction depends on an actual and factually demonstrable amount-in-controversy in excess of $75,000 and not on the parties' stipulation or the equivalent (and especially not a party's mere admission)." *Eckert v. Sears, Roebuck & Co.*, No. 8:13-CV-2599-T-23, 2013 WL 5673511, at *2 (M.D. Fla. Oct. 17, 2013). And, even considering the admissions, the Court noted that they seemed to admit only that *future* damages may exceed $75,000. This is problematic because the Court's "analysis of the

amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010).

In its supplement, Defendant does not provide any additional evidence on the amount in controversy. Instead, it simply points to language from the complaint in which Plaintiff alleges her losses "are either permanent or continuing and Plaintiff will suffer the losses in the future." (Doc. 11 at 3). But this bald, conclusory allegation cannot carry Defendant's burden. This allegation, coupled with Plaintiff's admissions, are insufficient to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. So the Court must remand.

Accordingly, it is now

**ORDERED:**

1. This action is **REMANDED** to the Twentieth Judicial Circuit, in and for Lee County, Florida.

2. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Twentieth Judicial Circuit, in and for Lee County, Florida.

3. The Clerk is further **DIRECTED** to deny any pending motions as moot, terminate any deadline, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on April 18, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record